UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PARAMJIT SINGH BASRA,

                  Petitioner,

   v.

DAVID KEENAN, *et al.*,

                  Respondents.

CASE NO. 2:23-cv-1561-RSM-GJL

REPORT AND RECOMMENDATION

Noting Date: February 16, 2024

The District Court has referred this matter to United States Magistrate Judge Grady J. Leupold. Before the Court is Petitioner Paramjit Singh Basra's Petition for Writ of Mandamus ("Petition"). Dkt. 7. For the reasons set forth below, the Court recommends the Petition be **DISMISSED with prejudice**.

                              **I.**      **BACKGROUND**

On October 11, 2023, Petitioner filed an Application for Leave to Proceed *In Forma Pauperis* ("IFP"), along with a proposed Petition for Writ of Mandamus, styled by the Clerk's Office as a Petition for Writ of Habeas Corpus. *See* Dkt. 1; Dkt. 1-1. After Petitioner corrected

REPORT AND RECOMMENDATION - 1

his filing deficiency related to his IFP Application (*see* Dkt. 4), the Court granted the IFP Application (Dkt. 6).

In the Petition, Petitioner requests the Court issue a writ of mandamus directing the Superior Court of Washington for King County ("King County Superior Court") to issue an order for Petitioner's immediate release from custody and an award of monetary damages for "unlawful imprisonment starting on the date of arrest." *See* Dkt. 7 at 2. In support, Petitioner contends that his convictions for one count of premeditated murder in the first degree and one count of felony murder in the second degree should be vacated due to constitutional errors in his criminal proceedings such as prosecutorial and judicial misconduct as well as ineffective assistance of counsel. *Id*. at 1–2.

Petitioner asserts he filed a Motion of Demurrer in state court for dismissal of his criminal charges and, because the State failed to respond to his Motion, he subsequently filed a Motion for Default. *Id*. at 2. The State also failed to respond to his Motion for Default and, therefore, Petitioner argues the state courts "were mandated to order the enforcement of the default judgment." *Id*. Petitioner's instant Petition requests this Court order the King County Superior Court to issue that order which would effectively cause his immediate release from custody. *Id*.

On October 24, 2023, the Court issued an Order directing Petitioner to file an amended habeas petition (Dkt. 8). In the Order directing an amendment, the Court informed Petitioner that his Petition did not comply with the Rules Governing Section 2254 Cases and, therefore, the Court would not order the Respondent to file an answer. *See* Dkt. 8. However, the Court afforded Petitioner the opportunity to file an amended petition by November 27, 2023, and provided him with the forms for filing a § 2254 petition. *Id*.

NOTING DATE: FEBRUARY 16, 2024 - 2

1    On November 2, 2023, Petitioner filed a Response to the Court's Order, contending the Court had erred in recharacterizing his Petition for Writ of Mandamus as a § 2254 habeas petition. Dkt. 9. Rather than provide the Court with a completed § 2254 petition articulating his grounds for habeas relief, Petitioner again requested that the Court order the state court to enforce a default judgment in his favor or, in the alternative, hold a hearing to determine "whether procedural due process has been afforded to the petitioner." *Id*. at 2. Because Petitioner failed to provide sufficient facts regarding his conviction and sentence as well as support for his grounds for relief, on December 22, 2023, the Court afforded Petitioner a second opportunity to file an amended petition, this time by January 19, 2024. Dkt. 10.

On January 16, 2024, Petitioner filed a Response to the Court's second Order directing an amendment, again requesting that his filing be considered a Petition for Writ of Mandamus. Dkt. 11. Because Petitioner has not filed an amended habeas petition but has clarified that he would like his Petition initiating this case considered as a Petition for Writ of Mandamus rather than a habeas petition, the Court will consider it (Dkt. 7) as such.

Specifically, Petitioner requests the Court issue a writ of mandamus ordering the King County Superior Court to enforce a default judgment against the State, thereby directing the Department of Corrections to immediately release Petitioner from custody and award him monetary damages for "unlawful imprisonment starting on the date of arrest." *See* Dkt. 7 at 2.

## II.    DISCUSSION

A district court has the authority to issue all writs, including writs of mandamus, which are "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law." 28 U.S.C. § 1651(a). Section 1651(a) does not provide a federal district court with the power to compel performance of a state court, judicial officer, or another state

official's duties under any circumstances. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). The district court also has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the *United States or any agency thereof* to perform a duty . . . ." 28 U.S.C. § 1361 (emphasis added).

A petition for mandamus to compel a state official or agency to take or refrain from some action is frivolous as a matter of law. *See Demos v. United States District Court*, 925 F.2d 1160, 1161 (9th Cir. 1991); *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties). Because Petitioner is attempting to obtain a Writ in this Court to compel the King County Superior Court to act, this Court lacks jurisdiction and the Petition is "frivolous as a matter of law." *Demos*, 925 F.3d at 1161–62.

### III.    CONCLUSION

The Court concludes it lacks jurisdiction in this case. Further, the Petition is frivolous as a matter of law. The Court finds the deficiencies, therefore, cannot be corrected through an amended petition. Accordingly, the Court recommends the Petition (Dkt. 7) be **DISMISSED with prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on February 16, 2024, as noted in the caption.

Dated this 1st day of February, 2024.

Grady J. Leupold
United States Magistrate Judge

NOTING DATE: FEBRUARY 16, 2024 - 5