UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PARAMJIT SINGH BASRA,<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>DAVID KEENAN, The Honorable Judge, and DONALD RAZ, prosecuting attorney<br><br>　　　　　　　　　　Defendants. | Case No. C23-1561-RSM<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

This matter comes before the Court on referral from the Ninth Circuit Court of Appeals for the limited purpose of granting or denying a certificate of appealability. Dkt. #19.

On October 11, 2023, Petitioner filed an Application for Leave to Proceed *In Forma Pauperis* with a proposed Petition for Writ of Mandamus, which the Clerk's Office styled as a Petition for Writ of Habeas Corpus. Dkt. #1. Petitioner requested the Court issue a writ of mandamus directing the King County Superior Court to issue an order for Petitioner's immediate release from custody and monetary damages for "unlawful imprisonment starting on the date of arrest." Dkt. #7 at 2. On October 24 and December 22, 2023, the Court ordered Petitioner to amend his Petition to comply with the Rules Governing Section 2254 cases. Dkts. #8, #10. To both Orders, Petitioner responded that the Court erred in recharacterizing his Petition for Writ of

Mandamus as a 28 U.S.C. § 2254 habeas petition and requested his filing be considered as a Petition for Writ of Mandamus. Dkts. #9, #11.

On February 1, 2024, considering Petitioner's filing as a Petition for Writ of Mandamus as requested, United States Magistrate Judge Grady J. Leupold recommended the Petition be dismissed with prejudice for lack of jurisdiction and frivolousness as a matter of law, which this Court then adopted in its Order. Dkts. #12, #13. On April 24, 2024, the Ninth Circuit remanded this case to the Court for the limited purpose of granting or denying a certificate of appealability because "Appellant filed a petition for writ of mandamus and the district court treated it as a disguised petition for writ of habeas corpus under 28 U.S.C. § 2254[,]" thus the "requirements of 28 U.S.C. § 2253(c) therefore appear to apply to this case." Dkt. #19.

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." § 2253(c) states that an appeal cannot be taken to the court of appeals from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c). To obtain one, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "need not show that he should prevail on the merits" but only that the issue presents a "question of some substance," that is, an issue that (1) is "debatable among jurists of reason," (2) could be "resolved in a different manner" by courts, (3) is "adequate to deserve encouragement to proceed further," or (4) is not "squarely foreclosed by statute, rule or authoritative court decision" or "lacking any factual basis in the record." *Barefoot v. Estelle*, 463 U.S. 880, 893–94 & n.4 (1984); *Slack*, 529 U.S. at 483-84.

It is unclear to the Court that it has issued "a final order adverse to the applicant" under Rule 11(a) of the Rules Governing Sections 2254 Cases by denying a Petition for Writ of

Mandamus for being frivolous as a matter of law and for no jurisdiction. In his Report and Recommendation, Magistrate Judge Leupold considered Petitioner's filing as a Petition for Writ of Mandamus, as the Petitioner demanded multiple times, and did not consider it as a disguised habeas petition. While Petitioner's instant Petition cannot be amended to cure its deficiencies, Petitioner may still file a different petition, such as a § 2254 habeas petition.

Accordingly, the Court finds and ORDERS that a certificate of appealability should not issue in this case and STRIKES Petitioner's "Motion for Clarification of the Issues," Dkt. #20, as moot. The Court directs the Clerk to send a copy of this Order to the Ninth Circuit Court of Appeals.

DATED this 21st day of June, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE